UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME KILPATRICK, ET AL,

    Defendants.
    _____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT BERNARD KILPATRICK'S MOTION IN OPPOSITION TO EMPANELING AN ANONYMOUS JURY [113]**

This matter comes before the Court on Defendant Bernard Kilpatrick's motion in opposition to empaneling an anonymous jury [113]. Defendants Bobby Ferguson and Victor Mercado join in the motion [121, 149]. It is not disputed that the matters underlying this case have generated a great deal of media attention and that public interest is high. Nonetheless, Defendants argue that an anonymous jury risks prejudicing jurors against Defendants by implying that they need protection from Defendants. They further argue that an anonymous jury will inhibit voir dire and impinge on defense counsel's ability to monitor whether seated jurors have violated the Court's order to refrain from using social media to read about or discuss the case. Alternatively, Defendants ask that this Court issue an order, similar to that adopted in *United States v. Stone*, allowing disclosure of some juror information to counsel with restrictions prohibiting counsel from sharing that juror information with anyone else, including their clients, and also prohibiting counsel "from

conducting any type of surveillance or investigation of jurors using information Counsel is prohibited from disclosing." *United States v. Stone*, Case No. 10-20123, 2012 WL 113479, *3 (E.D. Mich. Jan. 13, 2012) (Roberts, J.).

For the reasons stated below, this Court GRANTS Defendant's motion IN PART. It will empanel a semi-anonymous jury wherein counsel, and counsel only, for each Defendant will be provided with the names and zip codes of prospective jurors who come in for individual voir dire with the following restrictions: Counsel is prohibited from sharing that juror information with anyone else, including their clients, staff, investigators, and jury consultants. Counsel is also prohibited from conducting any type of surveillance, investigation, or monitoring (via the internet or any other means) using that juror information. Counsel will be held accountable if juror information provided to them is disclosed to anyone or used in any way for surveillance or investigation. Jury selection will be accomplished by numbers only. Counsel shall not mention, at any time throughout these criminal proceedings, any potential juror's name or zip code disclosed solely to counsel for voir dire purposes. As a precaution to minimize any prejudicial effect this decision may have on Defendants, this Court will inform the potential jurors that, in a case like this in which there has been a good deal of public interest, jury selection will be accomplished by numbers only to ensure that their privacy is preserved and to make sure that jurors are not contacted by the press or by others who may be curious about the case and may want to talk to them about it. It will be explained that this procedure is being adopted to protect them from the media and the public, not Defendants.

**A.   Analysis**

It goes without saying that the facts underlying this case have generated intense

media scrutiny and a public that is acutely interested in the alleged illegal activities of the City of Detroit's former mayor and other public officials. This in turn has created an emotionally charged atmosphere and an increased potential for juror harassment. Despite Defendants' objections, this Court finds that a semi-anonymous jury is warranted under these circumstances.

It is well-established in the Sixth Circuit that "[t]he decision to empanel an anonymous jury is within the sound discretion of the trial court." *United States v. Lawson*, 535 F.3d 434, 439 (6th Cir. 2008) (internal quotation marks and citations omitted). The Sixth Circuit has recognized that circumstances where "[t]he anonymity of a jury should be preserved" include, but are "not necessarily limited to," those where: (1) a dangerous defendant is alleged to be have been a participant "in large-scale organized crime," to have "participated in mob-style killings and had previously interfered with the judicial process;" (2) a defendant has "a history of attempted jury tampering and serious criminal records" and (3) there are "allegations of dangerous and unscrupulous conduct by the defendant, coupled with extensive pretrial publicity." *Id.* (quoting *United States v. Talley*, 164 F.3d 989, 1001 (6th Cir. 1999)). The federal courts, including the Sixth Circuit, have also recognized that the anonymity of a jury should be preserved when "'extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation and harassment.'" *United States v. Branch*, 91 F.3d 699, 724 (5th Cir. 1996) (quoting *United States v. Krout*, 66 F.3d 1420, 1427 (5th Cir. 1995)). *See also, United States v. Dakota*, 197 F.3d 821, 827 (6th Cir. 1999) (affirming the district court's decision "to empanel a partially anonymous jury in order to minimize the prejudicial effects of pretrial publicity and an emotional, political atmosphere that created a risk of jury intimidation and

3

improper influence."); *United States v. Koubriti*, 252 F. Supp.2d 418, 421 (E.D. Mich. 2003) (discussing federal case law and observing that "[e]ven when safety is not an issue, when the case attracts unusually large media attention or arouses deep passions in the community, anonymous juries have been approved."); *Stone*, 2012 WL 113479 at *2 (determining that a partially anonymous jury was warranted in that case where the jurors may need protection from the media but not the defendants); *United States v. Bonds*, No. C 07-00732 SI, 2011 WL 902207, at **5-6 (N.D. Cal. Mar. 14, 2011) (considering concerns "about the possibility that any members of the public, press or non-press, will interact with jurors during the trial in ways that might invade the privacy of the jurors and ultimately negatively impact the fairness of the proceedings," and finding it "necessary and appropriate to withhold from the public the names of jurors during the trial.").

In *United States v. Tally*, the Sixth Circuit explained that, when deciding whether to empanel an anonymous jury, "the court must ensure that the defendant retains his or her right to an unbiased jury by conducting a voir dire designed to uncover bias as to issues in the cases and as to the defendant himself, and by providing the jury a neutral and non-prejudicial reason for requiring that it be anonymous, so that jurors will refrain from inferring that anonymity was necessary due to the character of the defendant." 164 F.3d at 1001-02 (internal quotation marks and citation omitted). Here, the Court will ensure that Defendants are able to conduct a voir dire designed to uncover bias by providing defense counsel with juror names and zip codes, extensive juror questionnaires that defense counsel helped prepare for this purpose, and an opportunity to conduct individual voir dire. In addition, the Court will provide all prospective jurors with a neutral, non-prejudicial explanation for requiring anonymity, similar to that cited with approval by the *Tally* court:

> This case is one where there is likely to be a good bit . . . of media interest, because it is important to all of the parties that there not be any media contact with jurors . . . until this case is over, we are using your juror numbers during this process and at all times do not give me your names, do not give the parties your names, but always when you are addressing the court refer to your juror number. We do this for your benefit to make sure . . . that you are not bothered or approached by any media about this case or any aspect of it.

*Id.* at 1002 n. 7 (internal quotation marks and citation omitted).

Defendants oppose an anonymous jury, arguing that they must be able to (1) "corroborate" the information provided by the prospective jurors in their detailed juror questionnaires – apparently by conducting research outside the courtroom to determine whether the answers they provided under oath were in fact truthful – and (2) "monitor" the 18 selected jurors' use of social media during trial to determine whether they have violated the Court's instructions not to do so. Defendants, however, provide no legal authority supporting a right to investigate jurors outside the courtroom. As discussed above, Defendants' right to conduct a voir dire and uncover bias as to issues in this case and as to Defendants themselves is protected here. The answers prospective jurors provide in their juror questionnaires will provide a wealth of information that can be plumbed during individual voir dire.

None of the cases discussing the decision to empanel an anonymous jury recognizes a right to "corroborate" answers provided under oath by prospective jurors or to "monitor" empaneled jurors by conducting research outside the courtroom. As several courts considering this issue have observed, "'jurors summoned from the community to serve as participants in our democratic system of justice are entitled to safety, privacy and protection against harassment.'" *Bonds*, 2011 WL 902207 at *6 (quoting *In re Globe Newspaper Co.*, 920 F.2d 88, 95 (1st Cir. 1990)). The "corroborating" and "monitoring" activity Defendants

5

propose would unnecessarily chill the willingness of "jurors summoned from our community to serve as participants in our democratic system of justice." *See id*. In the ordinary empaneling of juries in this Court, attorneys do not have an opportunity to corroborate or investigate potential jurors. Names are provided and jurors selected all in a single proceeding. Moreover, to the extent counsel is worried about jurors disobeying the Court's orders and utilizing social media in some inappropriate manner, the Court has the ability to monitor that issue and will do so.

As the Sixth Circuit recognized in *United States v. Lawson*, there is no constitutional right to be informed of the jurors' identities.

> The Sixth Amendment provides defendants with a right to a public *trial* by an impartial jury, but it does not guarantee a right to a public *jury*. *See* U.S. Const. amend. VI. Thus, the text of the Constitution does not warrant holding that defendants have a right to be informed of jurors' identities. The absence of any right to juror identification is further demonstrated by Founding-era evidence indicating that such a right was not intended to be part of the Constitution. *See* Kory A. Langhofer, Comment, *Unaccountable at the Founding: The Originalist Case for Anonymous Juries*, 115 Yale L.J. 1823, 1826-31 (2006).

535 F.3d at 440-441.

In *Lawson*, the Sixth Circuit upheld a decision to empanel an anonymous jury, their names were not disclosed to anyone, including defense counsel. Here, Defendants will have at their disposal a detailed juror questionnaire that they helped create so as to ferret out prejudicial bias, followed by individual voir dire that presents another opportunity to ferret out any bias. For these reasons, the Court is not persuaded that its decision to empanel a semi-anonymous jury will impede Defendants' ability to select an impartial jury.

**B. Conclusion**

For the above-stated reasons, Defendant's motion is GRANTED IN PART and

6

DENIED IN PART. The Court will empanel a semi-anonymous jury wherein counsel, and counsel only, for each Defendant will be provided with the names and zip codes of prospective jurors who come in for individual voir dire with the following restrictions.

**IT IS ORDERED** that:

Counsel is prohibited from sharing juror information with anyone else, including their clients, staff, investigators, and jury consultants;

Counsel is also prohibited from conducting any type of surveillance, investigation, or monitoring (via the internet or any other means) using juror information that counsel is prohibited from disclosing;

Counsel will be held accountable if juror information provided to them is disclosed to anyone or used in any way for surveillance or investigation; and

Jury selection will be accomplished by numbers only. Counsel shall not mention, at any time throughout these criminal proceedings, any potential juror's name or zip code disclosed solely to counsel for voir dire purposes.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 7, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager