UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,             No. 10-CR-20403
                                     Hon. Nancy G. Edmunds
vs.                                        Hon. Gerald E. Rosen

KWAME M. KILPATRICK,
BOBBY FERGUSON,
BERNARD N. KILPATRICK, and
VICTOR M. MERCADO

            Defendants.
_____/

ORDER ON REVIEW OF DEFENDANTS' PROPOSED
ORDER REGARDING DISCLOSURE OF JURY MATERIALS

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on September 18, 2012

        PRESENT:   Honorable Gerald E. Rosen
                             United States District Chief Judge

On August 3, 2012, this Court entered an Amended Opinion and Order Regarding Kwame Kilpatrick's Motion for Disclosure of Jury Materials. In that Opinion and Order, the Court determined that Defendant Kilpatrick was entitled to review of the historical records pertaining to old jury pools, master wheels and qualified wheels that are publicly available but that with respect to the current jury wheels from which the petit jury that will hear Kilpatrick's case will be drawn, Defendant would only be allowed to review "information regarding juror number, race, and Hispanic ethnicity" in accordance with

1

E.D. Mich. Admin. Order No. 00-AO-060. *See* Opinion and Order at Dkt. # 173.

This matter is now once again before this Court, this time for review of a proposed order submitted by Defendants regarding disclosure of jury materials. By this proposed order, Defendants seek disclosure of:

1. The 9-digit Participant Numbers for the 747 jurors that were summoned for this trial.

2. The reasons for dismissing the 318 jurors prior to discharge by either counsel.

3. The complete data of the Qualified Jury Wheel, including the participant numbers, race, gender, Hispanic, ethnicity, date of birth, zip code, and county.

4. The AO-12 forms or any other statistical analysis of the Qualified Jury Pool.

Having reviewed and considered Defendants' proposed order, the Court finds that it far exceeds the scope of disclosure of juror information authorized by the Court in its August 3, 2012 Order.

First, the "complete data for the qualified jury wheel" sought in item No. 3 of Defendants' proposed order clearly exceeds the scope of the August 3 Order. The Court has authorized disclosure of only juror number, race, gender and Hispanic ethnicity of the jurors on the qualified jury wheel. "Date of birth, zip code and county" of residence was never authorized. Further, with respect to the juror numbers for "the 747 jurors summoned for this trial" sought in item No. 1 of Defendants' proposed order, the Court is advised that Defendants have already been provided the juror numbers for the entire

2

qualified jury wheel, as ordered by the August 3, 2012 Order. The August 3 order does not entitle Defendants to a list segregating out the participant numbers of the particular jurors summoned to appear for potential service on this particular trial.

With respect to proposed order No, 4, Form AO-12 is a non-public form intended for retention by the Court as one of the jury wheel records. *See* Form AO 12 "Data Collection Instructions". As such, pursuant to the JSSA it will not become public "until after. . . all persons selected [from the current jury wheel] to serve as jurors. . . have completed such service." 28 U.S.C. § 1867(f). Defendants, therefore, are not entitled to any Form AO-12s or any other statistical forms pertaining to the current jury pool.

As for "the reasons for dismissing 318 jurors" prior to discharge by either counsel (Defendants' proposed order, No. 2), the Eastern District of Michigan's Jury Selection Plan sets forth the reasons that persons summoned for jury service may be disqualified, excused, exempted or postponed from serving. *See* Jury Selection Plan §§ (k) through (m). Defendants have never filed any motion claiming that the Court failed to comply with its Jury Selection Plan in disqualifying, excusing, exempting or postponing any summoned individual's jury service. The information sought here pertains to the jury selection *process*; it does not pertain to the racial or ethnic *composition* of the jury needed to establish the constitutional violations propounded in Defendants' May 29, 2012 Motion for Disclosure of Jury Materials.

In sum, the Court's August 3, 2012 Opinion and Order speaks for itself --

Defendants are entitled to no more than what is authorized in that Order, that is the juror numbers, race, and Hispanic ethnicity of the jurors on the qualified jury wheels from which Defendants' grand and petit juries are drawn.

SO ORDERED.

                             s/Gerald E. Rosen
                             Chief Judge, United States District Court

Dated: September 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2012, by electronic and/or ordinary mail.

                             s/Ruth A. Gunther
                             Case Manager