UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KWAME KILPATRICK, ET AL.,

      Defendants.

Case No. 10-20403

Honorable Nancy G. Edmunds

                                       /

**OPINION AND ORDER DENYING DEFENDANT KWAME KILPATRICK'S MOTION
TO BE RELEASED ON BOND PENDING SENTENCING [291]**

This matter comes before the Court on Defendant Kwame Kilpatrick's motion to be released on bond pending sentencing and for a hearing on his motion [291]. The government opposes Defendant's motion. Having previously conducted a bond hearing on this matter on March 11, 2013, and having reviewed Defendant Kwame Kilpatrick's motion and materials submitted in support of his motion, the Court finds that no further hearing is necessary. For the reasons stated below, Defendant Kwame Kilpatrick's motion is DENIED.

**I.    Facts**

On March 11, 2013, following a lengthy jury trial, Defendant Kwame Kilpatrick was found guilty on 24 of the 30 counts in which he was charged. The charges on which he was found guilty included: one count of RICO conspiracy, 18 U.S.C. § 1962(d); four counts of extortion, 18 U.S.C. § 1951; one count of attempted extortion, 18 U.S.C. § 1951; one count of bribery, 18 U.S.C. § 666(a); eleven counts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343; five counts of subscribing a false tax return, 26 U.S.C. § 7206(a); and one

count of income tax evasion, 26 U.S.C. § 7201.  (Kwame Kilpatrick Verdict, 3/11/13, ECF No. 277.)  Kwame Kilpatrick's Co-Defendant Bobby Ferguson was found guilty on 9 of the 11 counts in which he was charged, and Co-Defendant Bernard Kilpatrick was found guilty on 1 of the 4 counts in which he was charged.  (*Id.*)

Immediately following the verdict, the government moved to revoke the bonds of Defendants Kwame Kilpatrick and Bobby Ferguson.  In the early afternoon on March 11, 2013, the Court conducted a bond revocation hearing, considered oral argument from the government and defense counsel, granted the government's motion, and remanded Defendants Kwame Kilpatrick and Bobby Ferguson into the custody of the U.S. Marshals.

The Court explained that this decision, like many the Court is required to render, "turns on the burden of proof," and the statute at issue here, 18 U.S.C. § 3143(a), governing release or detention pending sentencing, creates a presumption in favor of detention, and the defendant has the burden of convincing the Court by clear and convincing evidence that the defendant is not likely to flee or present a danger to the safety of others or the community and should not be detained.  (3/11/13 Detention Hr'g Tr. at 4, 18).  Applying decisions addressing 18 U.S.C. § 3143(a) and considering the parties' arguments, the Court found that Defendant Kwame Kilpatrick failed to overcome the statutory presumption for detention by presenting the requisite clear and convincing evidence.  (*Id.* at 20.)

> With respect to the defendant, Mr. [Kwame] Kilpatrick, the government points to his history in state court of disobeying court orders and probation officers' orders, his access to large amounts of cash, and the strong likelihood of a substantial sentence.  They point out that he's been previously convicted of two felonies involving obstruction or perjury, and that in connection with that it's fair to say that he showed disregard and contempt for the people of the City of Detroit and a willingness to lie if it serves his purposes.  In response, [Defendant Kwame Kilpatrick has] noted that although there have been some problems in state court, he has no such failure to appear or obey court orders here, and that

he has appeared consistently whenever required to.

> The [*United States v.*] *Dimora*, [No. 1:10CR387, 2012 WL 1409396, *4 (N.D. Ohio Apr. 23, 2012), *aff'd*, No. 12-3554 (6th Cir. Jun. 21, 2012) (unpublished)] case addresses this directly, stating, "Dimora notes his appearance for all court proceedings, as well as his compliance with all pre-trial reporting conditions imposed by Pretrial Services." And then, "'[i]t is not unusual for persons seeking pre-sentence release to point to their *compliance* with pre-trial release orders as evidence that they will appear for sentencing. The argument is routinely rejected because prior to trial there is the possibility of no imprisonment, which evaporates upon a finding of guilt. Prior to trial, Dimora had asserted his innocence in the press, and had insisted that he would be exonerated at trial. Now that vindication is no longer available, an important incentive for him to appear in court is gone." [*Id.* (internal quotation marks and citations omitted).]

> And I would note for the record that Mr. [Kwame] Kilpatrick has also asserted over and over that he was innocent of these charges and that he would not return to prison, something that cannot be said given the convictions that were returned this morning."

(3/11/13 Detention Hr'g Tr. at 20).

In his present motion, Defendant Kwame Kilpatrick moves for release from detention pending sentencing which will occur sometime after post-verdict motions, if any, are filed and heard. In support, Kilpatrick "relies on the previous facts argued" at the March 11, 2013 hearing, i.e., that he complied in all respects with the conditions of release that were set by the Court before and during trial; that, having liquidated all his assets to pay the restitution owed as a result of his state court conviction, he has no money to flee; that he is easily recognized; and that he continues to be monitored by the Michigan Department of Corrections. The only new information Defendant adds is that his mother is willing to offer her home as bond collateral "in an attempt to bolster" the arguments provided at the March 11, 2013 detention hearing and reiterated here.[1] Defendant also provides the Court

---

[1]In his reply, Defendant Kwame Kilpatrick also argues that he recently re-injured his knee and complains that his requests for medical treatment at the Milan Detention Center

with a copy of an August 25, 1980 recorded deed to property that his mother, Carolyn

Cheeks Kilpatrick, owns in Detroit; a copy of a discharge of a 1980 mortgage on that

property held by Standard Federal Bank, successor by merger to First Federal Savings and

Loan Association of Detroit; and a copy of a recorded mortgage on that property dated

October 30, 1987, held by ITT Small Business Finance Corporation, and providing that

"[t]his instrument is given to secure the payment of a promissory note dated October 30,

1987 in the principal sum of $97,500.00, signed by Carolyn C. Kilpatrick in behalf of Capitol

Center Printing, Inc."

As the government correctly states in its Response, Defendant fails to identify the

value of the property or his mother's equity in it. More importantly, however, the Local

Rules for Criminal Cases in the Eastern District of Michigan, as well as this District's

longstanding custom and practice, explicitly disfavor the posting of real property as

collateral for bond in criminal cases. Local Criminal Rule 46.1(b)(1) expressly states that

"[o]nly cash, money order or cashier's check made payable to 'Clerk, United States District

Court,' or credit card is acceptable for a cash bond." E.D. Mich. LCrR 46.1(b)(1).

Subsection (b)(2) of that same Rule explains, "[u]nless approved in writing by a District

Judge, *property shall not be accepted* as collateral for a bond." E.D. Mich. LCrR 46.1(b)(2)

(emphasis added). This Court adheres to this practice in criminal matters. Defendant's

argument, that if he were to flee, his mother would suffer the dire consequences of losing

her home, fails to persuade the Court that it should vary from its practice, the practice of

---

have not been met "in any meaningful way," and that he has been "limited in receiving anti-inflammatory medication to date." Despite Defendant's complaints, there is no indication that his injured knee cannot be properly treated while he remains in detention. Prisons address these sorts of medical issues all the time.

other judges in the Eastern District of Michigan, or the Local Rules.

Furthermore, as the government established at the March 11, 2013 detention hearing, Defendant Kwame Kilpatrick has demonstrated repeatedly that he has accepted money from business leaders and family members while, at the same time, lying to and misleading the courts about his assets and ignoring the direction of his probation and parole officers to report income and gifts. Despite Defendant's repeated argument that he has fully complied with the bond conditions set by this Court on April 6, 2011, the evidence is to the contrary. One of the special conditions for his bond was that he abide by all state parole conditions. During the criminal trial in this matter, Defendant failed to abide by all state parole conditions by failing to report gifts he had received and, as a result, subsequently spent the weekend in jail and was tethered. Thus, as the updated March 11, 2013 "Bond Status Update" report from Pretrial Services notes, "[t]his state parole violation is also a violation of his federal bond due to him having a federal condition to abide by his state parole conditions." (3/11/13 Memo at 1.) Even if Defendant had fully complied with his federal bond conditions, as this Court previously observed, this argument does not overcome the presumption for detention. (3/11/13 Detention Hr'g Tr. at 19 (quoting *Dimora*, 2012 WL 1409396 at *4).)

At the March 11, 2013 detention hearing, the government proffered the following additional facts militating in favor of detention: (1) Defendant Kwame Kilpatrick has a history of lying to or misleading courts, as well as his probation and parole officers, including lying about his assets; (2) Defendant has a history of being able to secretly access large sums of cash, including tens of thousands in cash from Co-Defendant Bobby Ferguson, who still has access to monetary reserves; and (3) since the jury found

Defendant Kwame Kilpatrick guilty of 24 felonies, including a RICO conspiracy, he faces a lengthy prison sentence, one well in excess of the months between now and his sentencing. (3/11/13 Detention Hr'g Tr. at 5-7.) Defendant failed to overcome the government's arguments and the presumption for detention, and this Court, similar to the court in *Dimora*, concluded that it could not find that Defendant Kwame Kilpatrick had "established by clear and convincing evidence that he does not pose a flight risk." *Dimora*, 2012 WL 1409396 at *4.

Taking into consideration the parties' arguments and evidence submitted by Defendant, this Court reaches the same conclusion it did at the March 11, 2013 detention hearing. The Court finds that Defendant Kwame Kilpatrick has not satisfied the burden of demonstrating by clear and convincing evidence that he is not a flight risk. Similar to Dimora, Defendant Kwame Kilpatrick is facing considerable time in prison, he has divested himself of his assets, "and he is facing the prospect of a drastic change in lifestyle in the form of incarceration for a potentially lengthy period of time" and thus "poses a significant risk of flight." *Id.* (citing cases). As the government established at the detention hearing, Defendant Kwame Kilpatrick has a history of lying to or misleading courts, as well as his probation and parole officers, including lying about his assets. *See United States v. Cornish*, 12 F. App'x 363, 364 (6th Cir. 2001) (affirming the district court's decision to detain a criminal defendant after finding that the defendant "was not truthful with either the court or Pretrial Services.").

## III. Conclusion

For the above-stated reasons, Defendant Kwame Kilpatrick's motion to be released on bond pending sentencing is DENIED.

s/Nancy G. Edmunds

Nancy G. Edmunds
United States District Judge

Dated: March 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer

Case Manager