UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No.: 2:10-CR-20403

v                                        Hon. Nancy G. Edmunds

D-2   BOBBY W. FERGUSON, et al.,

        Defendant(s).
_____/

**UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO QUASH [ECF NO. 709]**

COMES NOW, the United States of America, Plaintiff, pursuant to the Court's June 3, 2025, Order (ECF No. 710) requiring a response to Defendant, Bobby W. Ferguson's, Motion to Quash Subpoena to Testify at a Deposition in a Criminal Case filed at ECF No. 709 (referred to herein as the "Motion") and states:

1. On January 15, 2014, the Court sentenced the Defendant in the instant criminal case after a jury convicted him of nine felony counts of racketeering, extortion, bribery, and conspiracy related to his corrupt partnership with co-Defendant, Kwame Kilpatrick, the former Mayor of the City of Detroit and a former state legislator. ECF No. 519.

2. Part of the Defendant's sentence was an order for criminal restitution in the amount of $6,284,000.00. *Id.*, PageID.16479. Interest was waived. *Id.*

3. Restitution was ordered joint and several with the Defendant's co-Defendant, Kwame Kilpatrick, up to $4,534,423.00. *Id.*, PageID.16481.

4. The Defendant's judgment was upheld on appeal. ECF No. 570. Only the Defendant's co-Defendant's restitution was vacated and remanded for re-calculation. *Id*. PageID.17112.

5. The Defendant's subsequent Motion to Vacate under 28 U.S.C. § 2255 was denied on February 27, 2018, as was his Motion for Reconsideration of the Motion to Vacate under 28 U.S.C. § 2255 on September 20, 2018. ECF No. 624 and 627.

6. On April 29, 2021, the Court entered an Amended Judgment against the Defendant. ECF No. 683. The amount and terms of the Defendant's restitution have remained the same. *Id*., PageID.18851 and 18853.

7. Pursuant to Fed. R. Crim. P. 32.2., 18 U.S.C. § 1963, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), the Defendant forfeited property associated with his criminal convictions and a forfeiture money judgment in the amount of $6,284,000.00 was entered against the Defendant in favor of the United States. *See* ECF No. 519, PageID.16483-86; *see also* ECF No. 486, 490, 521, 563, 565, 580, 670, and 672.

8. At the conclusion of the Defendant's forfeiture and restoration proceedings, a total of $3,652,529.64 was applied to the Defendant's

special assessment and restitution balance. Apart from the Defendant's forfeiture monies, the Defendant has made intermittent monthly payments ranging from $25.00 to $200.00. The last payment received from the Defendant was for $200.00 on May 5, 2025. As of June 11, 2025, the Defendant's balance is **$2,612,855.48**.

9. From February 18, 2025, to May 15, 2025, the Defendant and the United States have exchanged pleadings concerning the Defendant's restitution. *See* ECF No. 702, 703, 705-708. Throughout, the Defendant has failed to produce or disclose any financial information as requested by the United States.

10. Presently before the Court are the Defendant's arguments against the Government's issuance of a subpoena to the Defendant to testify at a debtor's examination to provide information under oath as to his financial condition. ECF No. 709. The Defendant argues the subpoena is improper under the criminal case, and that it would cause him "undue burden" because he would need to obtain counsel. *Id*., at PageID.18995 and 18998.

11. The District Court maintains continuing jurisdiction over the same criminal case in which the restitution order was imposed, and a new civil action need not be opened for enforcement proceedings. "[C]ollection mechanisms, including civil procedures, may be utilized by the

Government in federal court in the same criminal case in which the district court ordered the payment of restitution." *United States v. Gallion*, 504 Fed. App'x. 373, 377 (6th Cir. 2012). "[C]ourts have held that civil subpoenas issued to collect criminal restitution may issue under the criminal case in which the restitution was ordered." *United States v. Taylor*, No. CR-10-11400, 2018 U.S. Dist. LEXIS 80535, at *3 (D. Ariz. May 14, 2018).

12. The Court should find the Defendant failed to articulate specific facts showing any clearly defined or serious injury resulting from the discovery sought. Fed. R. Civ. P. 26 permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden of establishing good cause for a protective order rests with the movant. *Id*. "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F.App'x 498, 500 (6th Cir. 2001) (citations omitted).

13. The Defendant's allegation of the "undue burden" of the "expense" of his own and an attorney's appearance are slight, conclusory statements, and

do not amount to an unreasonable burden. *See Silverman v. I.C. Sys., Inc.*, No. 2:18-CV-1281, 2019 WL 1512715, at *3 (S.D. Ohio Apr. 8, 2019) ("Plaintiff's supposed burden, including attorney's fees and time he will have to spend preparing for the deposition, is slight and hardly amounts to unreasonable oppression.").

14. The United States issued the subpoena for deposition on the Defendant's repeated failure to respond to written inquiries concerning his finances; therefore, the United States seeks to have the Defendant appear and testify to his financial condition, under oath. The Defendant resides in the same city and county as the United States Attorney's Office.

WHEREFORE, the United States requests the Court deny the Defendant's Motion, order the Defendant to provide the requested documents, and appear at the United States Attorney's Office on Wednesday, August 27, 2025, at 10:00 AM.

    Respectfully submitted,

    JEROME F. GORGON, JR.
    United States Attorney

    s/ Jessica A. Nathan
    JESSICA A. NATHAN
    Assistant United States Attorney
    TX Bar 24090291
    211 W. Fort St., Ste. 2100
    Detroit, MI 48226
    T: 313-226-9643
    E: Jessica.Nathan@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

I further certify that I have mailed the foregoing document, by United States Postal Service, to the following non-CM/ECF participants, utilizing the last known address available to the United States Attorney's Office for the Eastern District of Michigan.

> Bobby W. Ferguson
> XXXX
> Detroit, MI XXXXX
> *Defendant-Judgment Debtor*

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: June 11, 2025