UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOBBY W. FERGUSON (D-2),

    Defendant.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF FROM JUDGMENT [720]**

On February 27, 2018, the Court denied Defendant Bobby W. Ferguson's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] (ECF Nos. 624, 625.) Now, almost eight years later, despite being released from incarceration and having completed his term of supervised release, Defendant brings a pro se motion for relief from that judgment under Federal Rule of Civil Procedure 60(b)(6) in an attempt to challenge the restitution award entered against him. (ECF No. 720.) For the reasons below, the Court DENIES Defendant's motion.

**I.  Background**

On March 11, 2013, a jury found Defendant guilty of nine of the eleven counts he was charged with. (ECF No. 277.) The Court imposed a custodial sentence on Defendant and ordered him to pay restitution in the amount of $6,284,000.00 to the Detroit Water & Sewerage Department ("DWSD"), $4,534,423.00 of which was to be paid jointly and

---

[1] Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

1

severally with his co-defendant Kwame Kilpatrick. (ECF No. 519, PageID.16479, 16481.) The Sixth Circuit affirmed Defendant's and Kilpatrick's convictions and sentences, but it reversed the Court's restitution award against Kilpatrick to DWSD.[2] *See United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015). This did not impact the restitution award entered against Defendant, who did not raise any argument regarding his restitution on appeal. Later, the Supreme Court denied Defendant's petition for a writ of certiorari, (ECF No. 575), this Court denied Defendant's § 2255 motion as well as a motion for reconsideration of that denial, (ECF Nos. 624, 634), and the Sixth Circuit denied Defendant a certificate of appealability, (ECF No. 668).

On April 29, 2021, this Court granted Defendant's motion for compassionate release and reduced the custodial portion of his sentence to time served. (ECF No. 682.) The order granting compassionate release did not alter either the term of supervised release imposed at the time of sentencing or this Court's restitution order. (*See id.*) After Defendant completed his term of supervised release, he brought two motions regarding his restitution in February of 2025. In denying those motions, the Court noted that Defendant had not challenged his restitution order on appeal and indicated that his motions were an improper attempt to do so. (ECF No. 715.)

Defendant now moves for relief from the denial of his § 2255 motion. (ECF No. 720.) He argues that in both that motion and his subsequent motion for reconsideration, he raised the issue of whether his appellate counsel rendered ineffective assistance of

---

[2] On remand, the Court ordered Kilpatrick to pay restitution to DWSD in the amount of $1,520,653.50. *United States v. Kilpatrick*, No. 10-20403, 2017 U.S. Dist. LEXIS 140562, at *1 (E.D. Mich. Aug. 31, 2017). The Sixth Circuit affirmed the revised award. *United States v. Kilpatrick*, 749 F. App'x 442, 443 (6th Cir. 2018).

2

counsel by failing to raise an argument regarding the improper calculation of the amount of restitution, but this Court did not address that claim. He asks the Court to reopen the § 2255 proceedings and address the claim now.

## II.     Analysis

Defendant invokes Federal Rule of Civil Procedure 60(b)(6) as the basis for his motion. Rule 60(b) sets forth that a court may relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"When a [defendant] files a post-judgment motion purportedly under Rule 60, a federal court 'must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise.'" *Colbert v. United States*, No. 25-1158, 2025 U.S. App. LEXIS 21131, at *2 (6th Cir. Aug. 18, 2025) (quoting *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016)). Otherwise, a defendant could "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals" by simply invoking Rule 60(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005). A motion that "seeks to add a new ground for relief" is actually a second or successive habeas motion. *Id.* By contrast, a motion challenging "the District Court's failure to reach the merits" is a "proper" Rule 60(b) motion. *Id.* at 538. Defendant states that his motion constitutes the latter. While Defendant claims that this Court did not address an ineffective assistance of counsel claim regarding the restitution award,

3

however, a review of the underlying motions reveals that the issue of restitution was raised within an ineffective assistance of counsel claim for failure to raise sentencing guideline errors on appeal that the Court did address—twice. (*See* ECF No. 596, PageID.17338; ECF No. 624, PageID.17834-36; ECF No. 627, PageID.17858-59; ECF No. 634, PageID.17891-92.) Thus, to the extent Defendant is raising a new ineffective assistance of counsel claim, this Court does not have the authority to address it here. To the extent Defendant purports to challenge "the integrity of the federal habeas proceedings," *see Gonzalez*, 545 U.S. at 532, however, the Court will consider his motion.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). Courts have held that a party may not use the exception in Rule 60(b)(6) for motions properly brought under subsections (1), (2), and (3) to "circumvent" the one-year time limitation. *See In re Hertz Global Holdings, Inc. Sec. Litig.*, 830 F. App'x 393, 396 (3d Cir. 2020) (quotation marks and citation omitted). Because Defendant argues that the Court did not address an argument he raised in his original motion, this motion should have been brought under Rule 60(b)(1), not 60(b)(6), and the one-year time limit applies. *See Tyler v. Anderson*, No. 1:96CV1881, 2013 U.S. Dist. LEXIS 109535, at *14-16 (N.D. Ohio Aug. 5, 2013) (finding the alleged failure to address two claims "a mistake that constitutes inadvertent judicial oversight, falling squarely within a plain reading of Rule 60(b)(1)"). But even if the Court were to accept this as a proper Rule 60(b)(6) motion, it was not brought within a reasonable time. "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations

4

omitted). Defendant acknowledges that a Rule 60(b)(6) motion must be brought "within a reasonable time" but provides no reasonable basis for the delay. The Court denies Defendant's motion as untimely.

Even if Defendant's motion was not untimely, it would still be denied. The Sixth Circuit has held that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" because "almost every conceivable ground for relief is covered" in those subsections. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quotation marks and citations omitted). Thus, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.* Defendant claims that the restitution amount is subjecting him to harassment. As examples of so-called harassment Defendant cites to the government's efforts to enforce the judgment entered against him. Those efforts, however, are confined by "the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *See* 18 U.S.C. § 3613(a), (f). Defendant takes particular issue with the government's latest motion for an order requiring examination of the judgment debtor, (ECF No. 717), but the Court denied that motion, (*see* ECF No. 718).[3] In sum, Defendant is not entitled to relief from the judgment denying his § 2255 motion.

---

[3] Defendant refers to a response he filed to that motion. (*See* ECF No. 719.) But that response was filed well after the time for a response had passed and after the Court had already denied the government's motion. Also, an attorney had entered an appearance on behalf of Defendant (ECF No. 716) and contacted the government's counsel regarding the scheduling of the deposition so any response should have been filed by counsel.

5

### III.  Conclusion

For the foregoing reasons, Defendant's motion for relief from judgment is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: December 2, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 2, 2025, by electronic and/or ordinary mail.

s/Marlena Williams  
Case Manager
